1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF OREGON**

3

**PORTLAND DIVISION**

4

5

TAMMY GRAHAM,                    )
                                 )
6                    Plaintiff,   )    No. 03:13-cv-01962-HU
                                 )
7    vs.                         )
                                 )
8    FOREVER YOUNG OREGON, LLC,   )        **ORDER ON**
     an Oregon corporation;       )    **MOTION FOR DEFAULT JUDGMENT**
9    RONALD ZEMP; and JENNIFER     )
     ZEMP;                        )
10                                 )
                     Defendants.   )
11

12                    _____

13   Eric J. Fjelstad
     Smith & Fjelstad
14   722 N. Main Avenue
     Gresham, OR 97030
15
16        Attorney for Plaintiff

17

18   HUBEL, Magistrate Judge:

19        On November 5, 2013, the plaintiff filed this case against

20   the defendants, alleging failure to pay straight time and

21   mandatory overtime wages in violation of the federal Fair Labor

22   Standards Act, 29 U.S.C. § 201 *et seq.*, and Oregon wage-and-hour

23   laws, specifically ORS § 652.140 *et seq.*, and ORS § 653.261.

24   Dkt. #1.

25        On January 10, 2014, a Summons was issued to the Registered

26   Agent for the corporate defendant Forever Young Oregon, LLC

27   ("Forever Young"). Dkt. #4. On March 18, 2014, an Affidavit of

28   Service was filed showing that on January 16, 2014, a process

1 - ORDER

server served a copy of the summons, Complaint, and Civil Case Management Order on the receptionist for Forever Young's registered agent.   In the Affidavit of Service, the process server indicated the receptionist was "authorized to accept service on behalf of the registered agent."   Dkt. #10.   When Forever Young failed to move or plead in response to the Complaint, on March 13, 2014, the plaintiff filed an *ex parte* motion for entry of default against Forever Young.   At a status conference on April 9, 2014, the Court orally granted the motion for entry of default against Forever Young, *see* Dkt. #16, and on April 10, 2014, a paper Order of Default was entered to memorialize the Court's ruling.   Dkt. #16.

The case currently is before the court on the plaintiff's motion for default judgment, and motion for attorney's fees and costs, against the corporate defendant.   Dkt. ##17, 19.   The court finds further evidence is required, and therefore **reserves** ruling on the motions.

### *DISCUSSION*

The plaintiff argues the Clerk of Court should enter judgment in this case because her claim is for a sum certain. Federal Rule of Civil Procedure 55(b) specifies two ways in which a plaintiff can obtain a judgment when the defendant is in default, one involving entry of judgment by the Clerk of Court, and one requiring entry of judgment by the court.   Under subsection (1), so long as the defendant "is neither a minor nor an incompetent person," the Clerk of Court must enter a default judgment when "the plaintiff's claim is for a sum certain or a

2 - ORDER

sum that can be made certain by computation[.]" Fed. R Civ. P. 55(b)(1). Here, the defendant against whom Graham seeks default judgment is a corporation, which clearly is neither a minor nor an incompetent person.

The Ninth Circuit has observed that there is a "paucity of federal case law" regarding the "sum certain requirement," concluding "a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (adopting the First Circuit's approach in *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003)). In *Franchise Holding II*, the court found the sum certain requirement was satisfied where the plaintiff provided the court with "loan documents that set forth the specific formulas for determining the amount owed," and "documents setting forth the various amounts necessary for calculating the total amount due." *Id.*, 375 F.3d at 929. However, if the "sum certain" of a plaintiff's claim cannot be calculated reasonably by simple computation, and other evidence is required, then the plaintiff must apply to the court for a default judgment pursuant to Rule 55(b)(2).

Graham alleges Forever Young failed to pay her straight time and overtime wages as required by law, and she also seeks penalty wages under Oregon law. Graham argues her unpaid wages and statutory damages can be made certain by computation from the evidence she has provided, meeting the requirements for the Clerk of Court to enter a default judgment pursuant to Rule

3 - ORDER

55(b)(1). Graham's attorney Eric J. Fjelstad has submitted a declaration setting forth the step-by-step process he employed to determine the amounts of Graham's unpaid wages under Oregon law, liquidated damages under the FLSA, and statutory penalties under Oregon law. Dkt. #18, ¶¶ 4 & 5. Mr. Fjelstad indicates he made these calculations from detailed copies of Graham's work schedules and pay stubs for each pay period. *Id.*, ¶ 4. The record does not contain a declaration from Graham, herself, regarding the amounts she claims she is owed, nor did Graham sign the Complaint in the case. Indeed, in the Complaint, Graham indicates the amounts of damages she alleges would "be proved at trial, but [were] asserted for purposes of this complaint[.]" Dkt. #1, ¶ 14. This suggests that the amount of Graham's damages remained uncertain at the time the Complaint was filed. Further, the documentary evidence upon which Mr. Fjelstad indicates he relied is not present anywhere in the record. As such, even taking the factual allegations in the Complaint as true, the court cannot say there is no doubt as to the amount to which Graham is entitled as a result of Forever Young's default. Because the court must conduct further investigation in order to determine the amount of damages, the court finds Graham has not met the requirements for automatic entry of default judgment by the Clerk of Court pursuant to Rule 55(b)(1). *See, e.g.,* *Volstad v. Collings*, 983 F.2d 1080 (Table), 1993 WL 7251, at *2 (9th Cir. Jan. 13, 1993) (Rule 55(b)(1) "carefully limits the clerk's authority to those cases where the entry of judgment is purely a ministerial act, since sound policy dictates that the clerk should not be invested with discretionary power.")

4 - ORDER

(internal quotation marks, notations, and citations omitted). Thus, the court will consider Graham's motion for default judgment pursuant to Rule 55(b)(2). *See, e.g., Franchise Holdings II, LLC*, 375 F.3d at 928-29 (citation omitted).

The court finds additional evidence is required in order to provide a sufficient evidentiary basis to support Graham's claims for damages. The court has discretion to determine whether such evidence should be presented at a hearing, or alternatively, whether a review of detailed affidavits and documentary evidence is sufficient. *See* Fed. R. Civ. P. 55(b)(2); *Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981) (affirming default judgment with damages assessed based on documentary evidence); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (court has discretion to hold evidentiary hearing, or to rely solely on detailed affidavits or documentary evidence to evaluate damages); *Santiago v. Tamarack Tree Co.*, 2007 WL 3171159 (D. Or. July 13, 2007) (Hubel, MJ) (citing *Davis* and *Fustok*).

In the present case, the court finds it appropriate to order the plaintiff to submit a detailed declaration and supporting documentary evidence, and to determine after review of such evidence whether an evidentiary hearing will be necessary.

Accordingly, the court **reserves** ruling on the plaintiff's motion for default judgment. **By July 28, 2014**, the plaintiff is directed to submit a detailed declaration, with supporting documentation, to show how she has calculated the damages she claims are due her from Forever Young.

IT IS SO ORDERED.

5 - ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated this <u>14th</u> day of July, 2014.


/s/ Dennis J. Hubel

_____

Dennis James Hubel
Unites States Magistrate Judge

6 - ORDER