UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TAMMY GRAHAM,

    Plaintiff,

vs.

FOREVER YOUNG OREGON, LLC,
an Oregon corporation;
RONALD ZEMP; and JENNIFER
ZEMP;

    Defendants.

No. 03:13-cv-01962-HU

**FINDINGS & RECOMMENDATIONS ON MOTION FOR DEFAULT JUDGMENT, AND MOTION FOR ATTORNEY FEES AND LITIGATION COSTS**

---

Eric J. Fjelstad
Smith & Fjelstad
722 N. Main Avenue
Gresham, OR 97030

 Attorney for Plaintiff


HUBEL, Magistrate Judge:

  On November 5, 2013, the plaintiff filed this case against the defendants, alleging failure to pay straight time and mandatory overtime wages, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and Oregon wage-and-hour laws, specifically ORS § 652.140 *et seq.*, and ORS § 653.261. Dkt. #1.

  On January 10, 2014, a Summons was issued to the Registered Agent for the corporate defendant Forever Young Oregon, LLC. Dkt.

1 - FINDINGS AND RECOMMENDATIONS

#4. On March 18, 2014, an Affidavit of Service was filed showing that on January 16, 2014, a process server served a copy of the summons, Complaint, and Civil Case Management Order on the receptionist for Forever Young's registered agent. In the Affidavit of Service, the process server indicates the receptionist was "authorized to accept service on behalf of the registered agent." Dkt. #10. When Forever Young failed to move or plead in response to the Complaint, on March 13, 2014, the plaintiff filed an *ex parte* motion for entry of default against Forever Young. At a status conference on April 9, 2014, the Court orally granted the motion for entry of default against Forever Young, see Dkt. #16, and on April 10, 2014, a paper Order of Default was entered to memorialize the Court's ruling. Dkt. #16.

On April 10, 2014, Summonses were issued to the individual defendants Ronald Zemp and Jennifer Zemp. Dkt. #15. Service was accomplished, and default ultimately was entered against both individual defendants on July 14, 2014. Dkt. ##21-24, 26.

The case currently is before the court on the plaintiff's motion for default judgment against the corporate defendant only.[*] Dkt. #17. The plaintiff also has filed a motion for attorney's fees and costs. Dkt. #19. The undersigned submits the following report and recommended disposition of the motions pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[*] Graham claims that if her collection efforts against Forever Young are successful, then "the individual defendants will not be responsible for paying the judgment," and therefore, at this time, she seeks default judgment only against the corporate defendant. Dkt. #17, p.2.

2 - FINDINGS AND RECOMMENDATIONS

## I. MOTION FOR DEFAULT JUDGMENT

Graham alleges Forever Young failed to pay her straight time and overtime wages as required by law, and she also seeks penalty wages under Oregon law. Because Graham's damages cannot be calculated by simple computation, without reference to other evidence, the court considers Graham's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See, e.g., Franchise Holdings II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (citation omitted).

Graham's attorney Eric J. Fjelstad has submitted declarations setting forth the step-by-step process he employed to determine the amounts of Graham's unpaid wages under Oregon law, liquidated damages under the FLSA, and statutory penalties under Oregon law. Mr. Fjelstad indicates he made these calculations from detailed records of Graham's work schedules and pay stubs for each pay period. *See* Dkt. ## 18 & 27.

Graham's First Claim for Relief seeks unpaid overtime wages under the FLSA, which requires payment of at least time-and-a-half for all hours in excess of forty during a work week. 29 U.S.C. § 207(a)(1). Mr. Fjelstad calculates Graham is owed **$27,964.03** in unpaid overtime wages. Dkt. #17, p. 2; Dkt. #27, p. 3. Further, an employer who fails to pay wages due under the Act is liable not only for the amount of the unpaid wages, but also "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, Graham claims she is entitled to recover **$27,964.03** in FLSA liquidated damages. *Id.* The court finds Mr. Fjelstad's calculations are reasonable and accurate, and Graham should be awarded FLSA damages as requested.

3 - FINDINGS AND RECOMMENDATIONS

Graham's Second Claim for Relief seeks penalty wages under ORS §§ 653.055(1)(b) and 652.150(2), because Forever Young failed to pay Graham's wages for her final pay period. ORS § 653.055(1)(b) specifies that the civil penalty is calculated as "provided in ORS 652.150." ORS § 652.150 provides that an employer who "willfully fails" to make timely payment of all wages due when an employee's employment ceases, as required by ORS § 652.140, is subject to a penalty equal to the employee's wage rate times eight hours per day for the number of days the wages remain unpaid, up to a maximum of thirty days. The "willful" requirement in the statute does not contain a malice component; "it merely indicates that the act or omission was purposeful and not the product of inadvertence." *Young v. Oregon*, 340 Or. 401, 409, 133 P.3d 915, 919 (2006). The evidence in the present case indicates Forever Young's failure to pay Graham's final wages was not the product of inadvertence. Graham's counsel sent Forever Young two letters requesting payment of Graham's unpaid wages, but the company still failed to pay the wages Graham was due. See Dkt. #1, ¶¶ 20 & 21; Dkt. #17, p. 3; Dkt. #18, ¶5; Dkt. #27, p. 3. The court finds Forever Young "willfully" failed to pay Graham's wages upon termination as required by ORS § 652.140. Because Graham's final wages remained unpaid for longer than thirty days, her statutory penalty is limited to thirty days of work (240 hours) times Graham's last hourly rate of $16.15 per hour; i.e., $3,876.00. See Dkt. #27, p. 3. The court finds Graham is entitled to a penalty under Oregon law in the amount of **$3,876.00**, for Forever Young's willful failure to pay the wages Graham was due when she ceased her employment.

4 - FINDINGS AND RECOMMENDATIONS

Graham also is entitled to recover post-judgment interest at a rate equal to "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). Graham indicates the applicable rate for the week prior to the filing of her motion for default judgment (i.e., the week ending April 11, 2014) was 0.10%. Dkt. #17, p. 3. The court's judgment should provide for interest from the date of judgment at **0.10% per annum.**

## II. MOTION FOR ATTORNEY FEES AND COSTS

Graham moves for attorney fees in the amount of $5,570.92 for 18.57 hours of attorney time, and costs of $470.00 (consisting of the filing fee and service fees). Dkt. #20.

Graham is entitled to recover reasonable attorney fees and litigation costs from Forever Young under both federal and state law. See 29 U.S.C. § 216(b); ORS § 653.055(4). Indeed, an award of attorney fees under the FLSA is mandatory. 29 U.S.C. § 216(b). In considering the amount of fees to be awarded in cases where Congress has authorized attorney fees to a prevailing party, the court considers the factors enumerated in *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7, 103 S. Ct. 1933, 1939 n.7, 76 L. Ed. 2d 40 (1983). The *Hensley* Court suggested that, a minimum, the court should consider (1) "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"; (2) the results obtained; and (3) "the relationship between the extent of success and the amount of the fee award." *Id.*, 461 U.S. at 433-38, 103 S. Ct. at 1939-42.

5 - FINDINGS AND RECOMMENDATIONS

Other factors may be considered, as well, as the court exercises its discretion in determining the amount of fees to be awarded. *See Hensley*, 461 U.S. at 434 n.9, 103 S. Ct. at 1940 n.9. In the Ninth Circuit, courts reaching attorneys' fee decisions are directed to consider "some or all of the twelve relevant criteria set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)[.]" *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988). In *Kerr*, the Ninth Circuit adopted twelve factors listed by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson-Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. The court noted these twelve factors are "consistent with those recommended by the Code of Professional Responsibility of the American Bar Association, Disciplinary Rule 2-106." *Id.* The *Johnson-Kerr* factors are similar to those the Oregon legislature has directed courts to consider in determining whether to award attorneys' fees, and if so, in what amount. *See* ORS § 20.075.

In the present case, Mr. Fjelstad spent 18.57 hours representing Graham. *See* Dkt. #20, p. 4. The court has reviewed Mr. Fjelstad's description of how his time was expended in the

6 - FINDINGS AND RECOMMENDATIONS

case, and finds the amount of time expended was reasonable. Mr. Fjelstad acknowledges that the issues in this case were neither novel, nor difficult, and accepting the case did not preclude him from taking other cases. Dkt. #19, pp. 3, 4. Nevertheless, an understanding of the relevant law, and an ability to analyze the plaintiff's employment records and pursue appropriate claims, required a certain amount of skill. Mr. Fjelstad has represented clients in employment-related actions for many years, and claims "a solid reputation in the Portland legal community, particularly in the employment law legal community." *Id.*, p. 5. The undersigned is familiar with Mr. Fjelstad, and finds that his experience, reputation, and ability weigh in Graham's favor on the issue of attorney's fees.

The amount involved and the results obtained are somewhat neutral in this case, where Forever Young failed to appear or defend. However, Graham's combined damages and penalties exceed $59,800, representing a significant judgment in her favor.

Regarding the "customary fee" for counsel's services, Mr. Fjelstad argues the requested rate of $300 per hour is "consistent with the rates charged by similarly experienced attorneys in the greater Portland market." *Id.* He cites the Oregon State Bar 2012 Economic Survey, which indicates the $300 per hour requested rate "is at the low end of the normal $300-$400 per hour rate of similarly experienced attorneys representing plaintiffs in the field of employment litigation." *Id.* The court finds the $300 per hour rate is reasonable and customary.

The court also is guided by the factors enumerated in ORS § 20.075. In particular, the court's finding, above, that Forever

7 - FINDINGS AND RECOMMENDATIONS

Young's conduct leading to this action was willful weighs heavily in Graham's favor on the issue of attorney fees. Further, the fact that Forever Young chose not to defend at any stage of the litigation weighs in Graham's favor. *See* ORS § 20.075(1) (a) & (b). In addition, awarding a reasonable attorney's fee in this case will not "deter others from asserting good faith claims or defenses in similar cases." ORS § 20.075(a)(c).

In short, considering all relevant factors, the court finds Graham's motion for attorney fees should be granted, and she should be awarded fees in the amount of **$5,570.92**. The court further finds that as the prevailing party, Graham is entitled to recover her litigation costs in the amount of **$470.00**.

### III. CONCLUSION

The undersigned recommends Graham's motion for default judgment be **granted,** and that she be awarded unpaid overtime wages of **$27,964.03**, FLSA liquidated damages of **$27,964.03**, and an Oregon statutory penalty of **$3,876.00**, for total damages in the amount of **$59,804.06**, with interest from the date of judgment at the rate of **0.10% per annum.**

The undersigned further recommends Graham's motion for attorney fees and costs be **granted.**, and that she be awarded attorney fees in the amount of **$5,570.92**, and costs in the amount of **$470.00**.

### IV. SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **September 5, 2014**. If no

8 - FINDINGS AND RECOMMENDATIONS

objections are filed, then the Findings and Recommendations will go under advisement on that date.  If objections are filed, then any response is due by **September 23, 2014**.  By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 19th day of August, 2014.

_____
Dennis James Hubel
Unites States Magistrate Judge

9 - FINDINGS AND RECOMMENDATIONS